F. L. Williamson & Co., et al., v. Prairie Queen Milling Co., et al. Intervening Petition of Hubbard Milling Company of Illinois.

1. CONSIGNMENT—*when personal property is held upon.* Where one ships merchandise to another to be sold by such other upon commission, and no other facts appear in the case, such merchandise is, as against the receiver of the consignee, consigned property, and the consignor is entitled to recover back such property.

Intervening petition filed against a receiver to recover goods alleged to have been consigned. Appeal by petitioner from the City Court

374    APPELLATE COURTS OF ILLINOIS.

VOL. 111.]    F. L. Williamson & Co. v. Prairie Queen Milling Co.

of Mattoon, Illinois; the Hon. LAPSLEY C. HENLY, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

CLARK & SCOTT, for appellant.

ANDREWS & VAUSE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

The facts in this case, in brief, are as follows: On September 17, 1902, the Prairie Queen Milling Co., of Mattoon, Ill., received a car of flour to be sold on commission for the account, as is alleged, of the Hubbard Milling Co., of Chicago, Ill. It appears from the record that there were two Hubbard Milling Companies, one located at Mankato, Minn., and the other at Chicago, Ill. The Prairie Queen Milling Co., at the time of the receipt of the flour, was in failing circumstances, and on October 6, 1902, a receiver was appointed for the concern, by the City Court of Mattoon, who took possession of all property found in and about its premises, including the unsold portion of said flour. Shortly afterwards, the Hubbard Milling Co., of Mankota, Minn., through its state agent for Illinois, filed an intervening petition in said City Court in the original cause, claiming the flour. Its said agent was also a travelling salesman and agent for the Hubbard Milling Co. of Illinois. The said petition was afterwards amended, by leave of court, so as to aver that the flour was the property of the Illinois company and not of the Minnesota company, as first alleged in the original petition. The said amended petition was afterwards dismissed, and a similar one filed by the Illinois company asking for the return of the flour or the proceeds thereof. Upon a hearing, the court found that the proceeds of the flour belonged to the receiver and that the petitioner had no title or interest therein, and dismissed the petition. From said order the petitioner appeals to this court.

The only question involved is whether the flour belonged to the Illinois company or to the receiver. The Minnesota

company has at no time claimed it, other than by the original petition filed by the joint agent of both companies, and which he claims was done through error. The evidence tends to show clearly that the flour was shipped to the insolvent company upon commission, and there is no theory, as we think, upon which it can be said to be its property. It also tends to show that while it was manufactured by the Minnesota company, it was purchased by and charged to petitioner, and was, in fact, its property. The manager of petitioner testified that the order for the flour was taken by its agent and sent to the Minnesota company, and by it was shipped under such order, to the insolvent company, and that an invoice of the same was sent by the Minnesota company to petitioner. One Banschbach testified that he was the travelling salesman for the petitioner, and state agent for the Minnesota company; that he took the order for the flour in question, sent it to the Minnesota company, to be shipped to the insolvent for account of the petitioner, and that the Minnesota company had no interest in the flour.

We think the uncontroverted facts are sufficient to establish the right of petitioner to the flour as against the receiver, and that upon petitioner's demand therefor, it, or the proceeds thereof, should have been surrendered to petitioner by the receiver. The order of the City Court will therefore be reversed and the cause remanded for further proceedings in accordance with the views herein expressed.

*Reversed and remanded.*